1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS TREHEARNE,                      No. 2:24-cv-1896 KJM CSK P

12                Plaintiff,

13          v.                                ORDER

14    JOSH HUGGETT,

15                Defendant.

16

17    I.     INTRODUCTION

18          Plaintiff is a former county jail prisoner proceeding pro se.  Plaintiff seeks relief pursuant

19    to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to

20    28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to

21    28 U.S.C. § 636(b)(1).

22          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

23    Accordingly, the request to proceed in forma pauperis is granted.

24          As discussed below, plaintiff's complaint is dismissed with leave to amend.

25    II.    SCREENING STANDARDS

26          The court is required to screen complaints brought by prisoners seeking relief against a

27    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

1    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

10   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

11   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

12   1227.

13        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

14   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

15   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

16   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

17   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

18   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

19   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

20   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

22   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

23   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

24   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

25   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

26   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

27   III.    PLAINTIFF'S ALLEGATIONS

28        Plaintiff names Josh Hugget, a parole officer with the Amador County Probation

2

Department, as the sole defendant.  While plaintiff was on parole, he states he was involved in a serious work accident after which he was pronounced dead, brought back to life, and was then in a coma for 45 days, after which he was in intensive care for the next three months.  (ECF No. 1 at 3.)  In his first claim, plaintiff identifies the constitutional or other federal civil right that was violated was his "right to heal after dying," and claims his issue involves medical care.  (Id.)  Plaintiff alleges that he was arrested for violating parole by not going to class while he was in the hospital.  (Id.)  Plaintiff claims he missed twelve doctors' appointments the first month he was in jail.  (Id.)  As injury, plaintiff claims he had "emotional injury," and spent a month in jail after getting out of the hospital.  (Id.)

In his second claim, plaintiff alleges "harassment and slander," again alleging he was arrested for violating parole for not attending class and adding "failing to pee" for defendant.  (Id. at 4.)  Plaintiff claims he was on the third day of working in a new job and asked if he could pee after work, but defendant told plaintiff he had to pee before he could go to work.  (Id.)  Plaintiff adds that he lost his first job (of fourteen years) because he was required to attend drug and alcohol classes two days a week even though he did not have a drug charge.  (Id.)  Plaintiff marked the boxes "basic necessities, disciplinary proceedings and retaliation."  (Id.)  As injury, plaintiff alleges he has mental health issues, and has lost wages, rent money, his business, job, and house.  (Id.)

In his third claim, plaintiff alleges he lost his "whole life's worth of achievements," marking the boxes "basic necessities," "property," and "retaliation."  (Id. at 5.)  Plaintiff claims that since he got out of prison, he has been to jail more times "than [his] whole life put together."  (Id.)  Initially, his return to jail was due to dirty tests, but plaintiff alleges he was clean two months before his accident, and was in jail on July 2, 2024, even though he committed no crimes.  (Id.)  As injury, plaintiff claims he lost two jobs, his business, all his vehicles and his house, and now he has nothing.  (Id.)

As relief, plaintiff wants his "life back," and seeks return of his job, house, at least one of his vehicles, and "a year's worth of lost wages," and would "love some of [his] mental health back."  (Id. at 6.)

1  IV.    DISCUSSION

2          The Court is sympathetic to plaintiff's situation and recognizes that complying with parole

3  requirements can be challenging.  Nevertheless, in order to state a viable civil rights claim,

4  plaintiff must name the responsible defendant and include facts demonstrating such defendant

5  violated plaintiff's Constitutional rights or other federal laws.  The Court evaluates plaintiff's

6  claims as follows.

7          A.  Parole Officer

8          It is unclear from the complaint how defendant violated plaintiff's constitutional or federal

9  rights.

10         The Supreme Court has recognized that some officials perform special functions which,

11  because of their similarity to functions that would have been immune when Congress enacted

12  Section 1983, deserve absolute protection from civil liability.  Buckley v. Fitzsimmons, 509 U.S.

13  259, 268-69 (1993).  This immunity extends to individuals performing functions necessary to the

14  judicial process.  Miller v. Gammie, 335 F.3d 889, 895-96 (9th Cir. 2003).  In determining

15  whether absolute immunity applies to a defendant, the court looks at the functions that the

16  government official performs rather than the specific title that he or she holds.  Ashelman v. Pope,

17  793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  Parole officials are entitled to absolute immunity

18  for actions they take that are quasi-judicial in nature, such as the "imposition of parole conditions

19  and the execution of parole revocation procedures."  Swift v. California, 384 F.3d 1184, 1189

20  (9th Cir. 2004) (internal quotation marks and citation omitted); Sellars v. Procunier, 641 F.2d

21  1295, 1303 (9th Cir. 1981).  Determining what specific parole conditions to apply also fall within

22  a parole agent's quasi-judicial function.  Anderson v. Boyd, 714 F.2d 906, 909 (9th Cir. 1983)

23  (citing Morrissey v. Brewer, 408 U.S. 471, 478 (1972)).

24         Thus, to the extent plaintiff contends defendant revoked plaintiff's parole based on

25  plaintiff's failure to meet the conditions of his parole, i.e., submitting to a urine test or attending

26  class as required by such parole terms, it appears defendant is immune from a damages action.

27  See Swift, 384 F.3d at 1191-93 (concluding that whether parole officers are entitled to absolute

28  immunity depends on the type of duty they were performing; a parole officer who recommends

4

1    parole revocation acts like a police officer applying for an arrest warrant and is therefore entitled

2    to qualified immunity); Thornton v. Cavalin, 2011 WL 1303748, at *2 (S.D. Cal. Apr. 5, 2011)

3    ("[S]tate parole officials are absolutely immune from damages actions based on any decision to

4    impose a parole condition, to have a parolee arrested for an alleged parole violation, or to institute

5    judicial proceedings which result in the revocation of parole."); Stafford v. Powers, 2010 WL

6    1424304, at *3 (D. Or. Mar. 4, 2010) ("Decisions and actions integral to decisions to grant, deny,

7    or revoke parole . . . and the execution of parole revocation procedures are also covered by

8    absolute quasi-judicial immunity, but conduct arising from the duty to supervise parolees is

9    covered by qualified immunity[.]").

10         Plaintiff's allegations in both claims two and three that he has been arrested and returned

11    to jail multiple times are unavailing. Plaintiff's allegations concerning his arrests and return to

12    jail are conclusory and insufficient to state a plausible claim for the violation of his rights. See

13    Bell Atlantic, 550 U.S. at 570.

14         Because it appears defendant is entitled to immunity, plaintiff's claims against defendant

15    Hugget are dismissed. In an abundance of caution, plaintiff is granted leave to amend should he

16    be able to allege facts demonstrating defendant is not entitled to immunity.

17         B.   Putative Medical Claim

18           *1. Applicable Constitutional Amendment*

19         Initially, the Court must address whether plaintiff's medical claim is evaluated under the

20    Eighth Amendment or the Fourteenth Amendment. This Court has not found binding authority

21    addressing this question. However, in an unpublished opinion, the Ninth Circuit concluded in

22    Flores v. Mesenbourg, 116 F.3d 483 (Table), 1997 WL 303277, at *1 (9th Cir. 1997), that the

23    Eighth Amendment applied to a prisoner incarcerated for a parole violation because his prison

24    sentence was "moderated by parole." Id. Since then, other district courts in this Circuit have

25    applied the Eighth Amendment to conditions of confinement claims brought by prisoners

26    incarcerated for parole violations. Nordenstrom for Est. of Perry v. Corizon Health, Inc., 2021

27    WL 2546275, at *7 (D. Or. June 18, 2021) (finding Eighth Amendment deliberate indifference

28    standard applied to § 1983 claims for inadequate medical care because the prisoner's initial

1  conviction "supplied the basis for his punishment."); <u>Flores v. Cnty. of Fresno</u>, 2020 WL

2  4339825, at *3 n.3 (E.D. Cal. July 28, 2020) (noting that individuals incarcerated in a county jail

3  for a parole violation must raise claims alleging inadequate medical care under the Eighth

4  Amendment); <u>Jensen v. Cnty. of Los Angeles</u>, 2017 WL 10574058, at *7 (C.D. Cal. Jan. 6, 2017)

5  ("Claims by those who have been incarcerated for parole violations arise under the Eighth

6  Amendment."). Based on these authorities, the Court concludes that the Eighth Amendment

7  applies to plaintiff's claims.

8  <center>*2. Eighth Amendment Standards*</center>

9  A prisoner's claim of inadequate medical care does not constitute cruel and unusual

10  punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

11  "deliberate indifference to serious medical needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir.

12  2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). Deliberate indifference may be

13  shown by the denial, delay, or intentional interference with medical treatment or by the way in

14  which medical care is provided. <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988).

15  The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical

16  need' by demonstrating that failure to treat a prisoner's condition could result in further

17  significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's

18  response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096. A defendant does not

19  act in a deliberately indifferent manner unless the defendant "knows of and disregards an

20  excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

21  Negligence allegations are insufficient. Deliberate indifference "requires more than

22  ordinary lack of due care." <u>Colwell v. Bannister</u>, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting

23  <u>Farmer</u>, 511 U.S. at 835). The indifference to the prisoner's medical needs must be substantial --

24  negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of

25  a constitutional violation. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence

26  constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

27  <center>*3. Discussion*</center>

28  The Court finds that plaintiff fails to state a cognizable civil rights claim against defendant

<center>6</center>

Hugget based on the alleged failure to provide adequate medical care in violation of the Eighth Amendment.

Here, because defendant Hugget is a parole officer, it is unlikely he was responsible for plaintiff's medical care or involved in whether or not an unidentified jail official interfered with plaintiff's ability to attend doctors' appointments.  Moreover, plaintiff fails to include sufficient facts to meet both elements under Jett, 439 F.3d at 1096.  Importantly, plaintiff does not identify a serious medical need.  Although plaintiff was previously hospitalized, he identifies no specific injury or injuries that jail staff allegedly failed to treat.  Relatedly, plaintiff failed to name an individual responsible for providing plaintiff medical care while he was housed in the county jail.  Further, he does not include any facts demonstrating that such individual was deliberately indifferent to plaintiff's serious medical needs.  Missing doctors' appointments due to incarceration, even twelve, is insufficient standing alone to demonstrate plaintiff was denied adequate medical care for a serious medical need, particularly where medical care is provided at the jail.  Plaintiff must allege facts showing that the individual responsible for his medical care at the jail "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health and safety." Toguchi, 391 F.3d at 1057.  Further, a mere "'difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).  Rather, plaintiff must show that the treatment "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to the plaintiff's health.  Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016).  Plaintiff does not identify the nature of the missed medical appointments and does not provide facts demonstrating he sustained any physical injury as a result of such missed appointments.[1]

---

[1]  Section 1997e(e) of the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Section 1997e(e) prohibits the recovery of compensatory damages for mental or emotional injuries unless the prisoner has suffered a physical injury that is more than de minimis. Oliver v. Keller, 289 F.3d 623, 626-28 (9th Cir. 2002).

1   Therefore, plaintiff's medical care claim must be dismissed.

2      D.  Plaintiff's Claim Alleging Harassment and Slander

3      To the extent plaintiff's second claim attempts to raise general claims of harassment and

4   slander, such effort is unavailing.  Allegations of harassment, embarrassment, and defamation are

5   not cognizable under section 1983.  Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353

6   (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v.

7   Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment with regards to medical

8   problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas

9   state prisoner does not have cause of action under § 1983 for being called obscene name by prison

10  employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal

11  abuse by prison or jail officials does not state claim under § 1983).  Nor are allegations of mere

12  threats cognizable.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not

13  constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying

14  access to courts compel contrary result).

15     E.  Plaintiff's Loss of Property

16     The Court acknowledges that the loss of property can be devastating.  But plaintiff's

17  allegations as to the loss of his property are too vague and conclusory for the Court to determine

18  whether plaintiff can challenge such loss through a § 1983 proceeding.  Plaintiff is provided the

19  following standards governing property loss.

20     The United States Supreme Court has held that "an unauthorized intentional deprivation

21  of property by a state employee does not constitute a violation of the procedural requirements of

22  the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for

23  the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state

24  provides a meaningful postdeprivation remedy, only authorized, intentional deprivations

25  constitute actionable violations of the Due Process Clause.  An authorized deprivation is one

26  carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall,

27  773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142,

28  1149 (9th Cir. 1987).

The California Legislature has provided a remedy for tort claims against public officials in the California Government Code § 900, et seq.

F.  Retaliation

Plaintiff includes no facts supporting a retaliation claim.  The following standards govern retaliation claims.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

V.    LEAVE TO AMEND

The Court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The Court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

1    participation in civil rights violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266,

2    268 (9th Cir. 1982).

3          Plaintiff is cautioned that he may not include unrelated claims in his amended complaint.

4    A plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ. P. 18.

5    In addition, a plaintiff may join multiple defendants in one action where "any right to relief is

6    asserted against them jointly, severally, or in the alternative with respect to or arising out of the

7    same transaction, occurrence, or series of transactions and occurrences" and "any question of law

8    or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated

9    claims against different defendants must be pursued in separate lawsuits.  <u>See</u> <u>George v. Smith</u>,

10   507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended, in part, "to prevent the sort of morass [a

11   multiple claim, multiple defendant] suit produce[s]."  <u>Id.</u>

12         Finally, plaintiff is informed that the Court cannot refer to a prior pleading in order to

13   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

14   complaint be complete in itself without reference to any prior pleading.  This requirement exists

15   because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Ramirez</u>

16   <u>v. Cnty. of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

17   supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

18   omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

19   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

20   and the involvement of each defendant must be sufficiently alleged.

21         In accordance with the above, IT IS HEREBY ORDERED that:

22         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

23         2.  Plaintiff's complaint is dismissed.

24         3.  Within thirty days from the date of this order, plaintiff shall complete the attached

25   Notice of Amendment and submit the following documents to the court:

26              a.  The completed Notice of Amendment; and

27              b.  An original of the Amended Complaint.

28   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: February 18, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/treh1896.14n

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS TREHEARNE,                          No. 2:24-cv-1896 KJM CSK P

                    Plaintiff,
12

13          v.                                  NOTICE OF AMENDMENT

14   JOSH HUGGETT,

                    Defendant.
15

16

17          Plaintiff submits the following document in compliance with the court's order

18   filed on _____ (date).

19

20                              ☐          Amended Complaint

21                              (Check this box if submitting an Amended Complaint)

22   DATED:

23                                         _____
                                           Plaintiff
24

25

26

27

28
                                           12